924 F.2d 104
 NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Plaintiff-Appellant,
v.
Mary Grace WILLENBRINK, Administratrix for the Estate of
Paul J. Willenbrink, III; Charles T. Walz, Jr.;
Larry D. Tincher; and Mary L. Lippert,
Defendants-Appellees.
 No. 90-5604.
 United States Court of Appeals,
Sixth Circuit.
 Argued Dec. 6, 1990.
Decided Jan. 22, 1991.
 
 Wayne J. Carroll (argued), Edward H. Bartenstein, MacKenzie & Peden, Louisville, Ky., for plaintiff-appellant.
 Brian K. Darling (argued), Louisville, Ky., Douglas E. Miller, Miller & Durham, Radcliff, Ky., George M. Streckfus (argued), Segal & Shanks, Louisville, Ky., for defendants-appellees.
 Before MERRITT, Chief Judge, JONES, Circuit Judge and WELLFORD, Senior Circuit Judge.*
 MERRITT, Chief Judge.
 
 
 1
 Based on the concerns set out in our earlier decisions in Grand Trunk Western Railroad v. Consolidated Rail Corp., 746 F.2d 323 (6th Cir.1984), Allstate Insurance Co. v. Mercier, 913 F.2d 273 (6th Cir.1990), and Omaha Property and Casualty Co. v. Johnson, 923 F.2d 464 (6th Cir.1991), we remand this diversity insurance coverage case seeking declaratory judgment. The District Court decided the coverage question in favor of the insurance carrier. The District Court on remand should specifically consider whether its exercise of discretion in granting a declaratory judgment is appropriate in this case.
 
 
 2
 The Administratrix of the estate of Paul J. Willenbrink, III sued Mary L. Lippert, Charles Walz and Larry Tincher in a state court in Kentucky for damages resulting from personal injury and death. On September 14, 1989, the Kentucky state court dismissed Nationwide, defendant Lippert's insuror, as a defendant in the state court negligence action; but the state court's decision that Nationwide was not a proper defendant in the tort action was not a refusal to hear the serious coverage question presented under the policy issued by Nationwide to Lippert. The order dismissing Nationwide "pass[ed] all issues of coverage to the case on its merits, to be litigated after the liability action is tried." The parties have now supplied the state court order which we may notice judicially. See Advisory Notes, Rule 201, Fed.R.Evid.
 
 
 3
 Rather than wait for the state court to hear the coverage question in the order which the state judge determined to be appropriate, Nationwide filed a declaratory judgment action in U.S. District Court on September 25, 1989, naming all parties in the state court action as defendants. The coverage question presented in both the state and the federal courts is one of first impression under Kentucky law.
 
 
 4
 The Declaratory Judgment Act grants the district courts a discretion to entertain cases such as this one; however, this discretion is guided by certain principles. Omaha Property and Casualty Insurance Co. v. Johnson, 923 F.2d 464 (6th Cir.1991); Allstate Insurance Co. v. Mercier, 913 F.2d 273 (6th Cir.1990); Grand Trunk Western Railroad v. Consolidated Rail Corporation, 746 F.2d 323 (6th Cir.1984); American Home Assurance Co. v. Evans, 791 F.2d 61 (6th Cir.1986); Manley, Bennett, McDonald & Co. v. St. Paul Fire & Marine Insurance Co., 791 F.2d 460 (6th Cir.1986). This Court reviews the exercise of such discretion de novo, applying a general standard involving five considerations. The general standard is whether "the judgment will serve a useful purpose in clarifying and settling the legal relations in issue," and whether "it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." Allstate, 913 F.2d at 277; Grand Trunk, 746 F.2d at 326. Five factors are applied to determine whether such a result can be achieved:
 
 
 5
 (1) whether the judgment would settle the controversy;
 
 
 6
 (2) whether the declaratory judgment would serve a useful purpose in clarifying the legal relations at issue;
 
 
 7
 (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata";
 
 
 8
 (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach on state jurisdiction, and
 
 
 9
 (5) whether there is an alternative remedy that is better or more effective.
 
 
 10
 Allstate, 913 F.2d at 277; Grand Trunk, 746 F.2d at 326. These considerations follow the approach of the Supreme Court in similar cases. In Green v. Mansour, 474 U.S. 64, 106 S.Ct. 423, 88 L.Ed.2d 371 (1985), the Court noted that whether a federal court should entertain such cases is a matter of discretion based on considerations of "equity, comity and federalism," the uncertain effect of res judicata and the tendency of such decisions to be a "partial end run" around the authority of state courts to adjudicate claims falling within their jurisdiction. Id. at 72-73, 106 S.Ct. at 427-28.
 
 
 11
 In this case, neither party brought to the attention of the District Court the above-discussed line of authority from this Court and the Supreme Court, nor is it apparent from the record that the District Court was informed that the state court had expressly reserved the coverage question to a later date. In light of these omissions and the duty of comity owed by federal courts to the state courts in our federalist system of independent courts of equal dignity, the District Court should specifically address the question of the exercise of its discretion under the Declaratory Judgment Act, 28 U.S.C. Sec. 2201.
 
 
 12
 Accordingly, we remand this matter to the District Court for reconsideration.
 
 
 
 *
 The Honorable Harry W. Wellford assumed senior status on January 21, 1991