927 F.2d 605
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
STATE FARM FIRE AND CASUALTY COMPANY, Plaintiff-Appellee,
v.
Joseph L. HUTCHINS, Defendant-Appellant,
and
Robert H. Dickerson and Mary J. Dickerson, Defendants.
 No. 90-5657.
 United States Court of Appeals, Sixth Circuit.
 March 5, 1991.
 
 W.D.Ky., 88-00761, Allen, J.
 W.D.Ky.
 VACATED AND REMANDED.
 Before MERRITT, Chief Circuit Judge; and RYAN and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 In this action brought under The Declaratory Judgment Act, 28 U.S.C. Sec. 2201 et seq., the district court held that the plaintiff, State Farm Fire and Casualty Company, is not obligated to defend a breach of construction contract action brought in a Kentucky state court against its insured, defendant Joseph L. Hutchins, by defendants Robert H. and Mary J. Dickerson. Specifically, the district court held that the State Farm general liability insurance policy issued to Hutchins does not cover business risks. Hutchins appeals.
 
 
 2
 A district court has discretion under The Declaratory Judgment Act to entertain cases such as this, and its exercise of discretion is ordinarily governed by a number of criteria including whether " 'the judgment will serve a useful purpose in clarifying and settling the legal relations in issue' " and whether " 'it will terminate [the action] and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.' " Allstate Ins. Co. v. Mercier, 913 F.2d 273, 277 (6th Cir.1990) (citation omitted). However, " 'declaratory judgment actions seeking an advance opinion on indemnity issues are seldom helpful in resolving an ongoing action in another court.' " Id. at 278 (citation omitted).
 
 
 3
 Because this case concerns the interpretation of an insurance contract under Kentucky law, we have raised sua sponte the question whether in view of considerations of equity, comity, and federalism, the federal court is the appropriate forum to resolve the state law contract issue presented. We conclude that it is not. The declaratory judgment entered below is merely an advisory opinion and may have no effect that the Kentucky courts regard as binding. We think the interests of comity and federalism, as well as the decisions of this court in Nationwide Mutual Fire Ins. Co. v. Willenbrink, 924 F.2d 104 (6th Cir.1991), and Omaha Property & Casualty Ins. Co. v. Johnson, 923 F.2d 446 (6th Cir.1991), require that we VACATE the order granting summary judgment and REMAND to the district court with an instruction to dismiss the plaintiff's complaint for declaratory judgment.
 
 
 4
 IT IS SO ORDERED.