**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff,**

v.

**Robert Shane BREWER, et al., Defendants.**

**Linda Lehmann CASSAGNE, Administratrix of the Estate of Alain Cassagne, Defendant/Third Party Plaintiff,**

v.

**MIDWESTERN INDEMNITY COMPANY, Third Party Defendant.**

**Civ. A. No. 90–499.**

United States District Court, E.D. Kentucky, at Lexington.

Sept. 23, 1991.

E. Douglas Stephan, Geralds, Moloney & Jones, Lexington, Ky., for plaintiff.

Mark J. Hinkel, Landrum & Shouse, Lexington, Ky., for defendant Robert Shane Brewer.

William D. Kirkland, McBrayer, McGinnis, Leslie & Kirkland, Frankfort, Ky., for defendant PAFCO General Ins. Co.

Christopher J. Meling, Covington, Ky., Henry C. Prewitt, Paris, Ky., for intervening defendant Linda Lehmann Cassagne.

Perry Bentley, Stoll, Keenon & Park, Lexington, Ky., for third party defendant Midwestern Indem. Co.

## MEMORANDUM OPINION AND ORDER

WILHOIT, District Judge.

This matter is before the Court upon the motion of the plaintiff, State Farm Mutual Automobile Insurance Company, for leave to deposit $25,000.00 into the Court's registry, and upon briefing by the parties on pursuant to the court's Order of March 29, 1991, directing the parties to file status reports on the applicability of *Allstate Ins. Co. v. Mercier*, 913 F.2d 273 (6th Cir.1990) to the case at bar to the extent that declaratory relief has been requested.

## BACKGROUND

According to the complaint, this action arises out of a dispute between defendant Brewer and the Cassagne Estate as to whether Brewer or Alain Cassagne was the driver of a vehicle insured by the plaintiff at the time of a one-car accident involving the Brewer vehicle, which was occupied by Brewer and Cassagne. Cassagne died as a result of the accident. Both defendants claim that it was the other who was driving at the time of the accident and seek indemnity from the plaintiff for the resulting loss. Both Brewer and Linda Lehmann Cassagne, Administratrix of the Estate of Alain Cassagne, [hereinafter "defendant Cassagne" or "the Estate"] have filed a claim as plaintiff's insured for damages. PAFCO is named as a defendant because it "may also claim a lien or have an interest in the proceeds of the policy ... as a result of affording coverage to Alain Cassagne pursuant to an auto liability policy issued to Alain Cassagne." First Amended Complaint at ¶ 12 (DE #25).

Plaintiff's liability policy would cover Brewer, the insured owner of the vehicle, if he was the passenger and Alain Cassagne was the insured permissive driver, and it would cover Cassagne if Brewer was driving. The policy also provides that the plaintiff would not be obligated to pay any claim or judgment, or to defend any suit after the applicable limit of its liability had been exhausted by payment of judgments or settlements.

In its prayer for relief in the complaint, the plaintiff sought to pay into the registry of the court, $50,000.00, a sum it claimed was equal to the policy limits. According to the first amended complaint, the policy would afford coverage in the amount of $50,000 for the payment of all sums which the insured becomes legally obligated to pay, if the insured driver was defendant Brewer. If the insured driver was Alain Cassagne, a permissive user, the maximum liability coverage for injuries to defendant Brewer would be $25,000.

Plaintiff also seeks discharge from further liability to any claimants, as well as issuance of permanent injunction against all parties from instituting any proceedings in any court, federal or state, against this defendant for the recovery of all or part of the coverage of said policy which is before the Court. Should the Court exercise jurisdiction over this interpleader action and award the relief sought, the complaint contemplates that in the second stage of the proceeding the Court would decide which of the individual defendants is entitled to the deposited funds. To make this determina-

tion, the question of who was driving the car would have to be resolved.

The defendant Cassagne has filed a counterclaim for policy limits of $50,000.00 on liability for personal injury, plus the full amount of applicable underinsurance available under the policy. She has also filed a cross-claim against defendant Brewer for wrongful death, as well as a cross-claim against defendant PAFCO, Alain Cassagne's automobile insurance carrier, for the proceeds of the underinsurance provisions of that policy. She seeks a declaration of rights under the two insurance policies, as well as damages from defendant Brewer.

The Court takes notice that defendant Cassagne filed a wrongful death suit in Bourbon Circuit Court after the filing of the instant action.

Defendant Brewer filed a cross-claim against defendant Cassagne for negligent operation of his automobile, for which he claims compensatory and punitive damages. In his counterclaim against the plaintiff, defendant Brewer claims applicable personal injury liability benefits, $15,000 in property damage for the destruction of his automobile, and he seeks a declaration of underinsurance coverage.

The defendant PAFCO filed a counterclaim and a cross-claim, by which it seeks to deposit its policy limits and to obtain a declaration of rights that it has no further obligation to the claimants. It also asks the Court to determine that the plaintiff be deemed the primary insurance carrier, and that it be ordered to reimburse PAFCO for any defense costs, including reasonable attorney fees. Finally, it asks the Court to determine who was driving the automobile at the time of the subject accident.

The defendant Cassagne filed a third-party complaint against Midwestern Indemnity Company for underinsured motorist benefits under the household insurance policy of Linda Lehmann Cassagne.

## PROCEDURE

Simultaneously with filing for interpleader and injunctive relief, the plaintiff filed a motion for leave to deposit $50,000 into the Court registry. The Court entered the plaintiff's proposed order on December 4, 1990. In addition to ordering that the $50,000 be deposited, the Order also stated that the sum represented the full liability limits under the applicable policy of insurance, and that the plaintiff had no further obligation under the policy to either defendant, Brewer or the Estate. The parties filed separate motions to amend the December 4 "judgment." By Order dated March 29, 1991, this Court further detailed the events of the original tender of deposit into the Court registry, and for the reasons stated therein, set aside the December 4 order. The Court granted leave to the plaintiff to move to deposit funds when the plaintiff was able to take a position on the applicable policy limits.

Plaintiff moves by its instant motion to deposit $25,000 into the Court's registry, but it makes no claim as to whether this amount represents the full policy limits. The declarations page of the applicable insurance policy, an exhibit to the first amended complaint, states the limits of liability for bodily injury as follows: $50,000 each person; $100,000 each accident. The limits of liability for property damage for each accident is $50,000.

The defendant Cassagne filed a response in which she states that she has no objection to the deposit.

## APPLICABILITY OF *MERCIER*

The undersigned directed the parties to brief the applicability of *Allstate Ins. Co. v. Mercier*, 913 F.2d 273 (6th Cir.1990) in view of the request for declaratory relief by the parties. In *Mercier*, a wrongful death suit was brought in state court against social hosts who supplied alcoholic beverages to an underage guest, who later drove while intoxicated and collided with the deceased. The hosts' homeowners insurance carrier defended in state court under a reservation of rights. The insurance company then brought its declaratory judgment action in federal court seeking a determination that it was not liable for providing a defense or for damages because of policy exclusions. The district court en-

tered summary judgment for the insurance company.

On appeal, the Sixth Circuit reviewed the district court's exercise of discretion under the Declaratory Judgment Act de novo, and held that declaratory judgment was inappropriate because it neither served to clarify and settle the legal relationships between the insureds and the insurer, nor to properly terminate the controversy. *Mercier*, 913 F.2d at 279. The five factors to be considered by the court in exercising its discretion under the Act are:

(1) whether the declaratory action would settle the controversy;

(2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;

(3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or to provide an arena for a race for res judicata;

(4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and

(5) whether there is an alternative remedy which is better or more effective. *Id.*, at 277.

In the case at bar, the plaintiff filed a complaint for interpleader and injunction, pursuant to 28 U.S.C. § 1335, which provides:

(a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader, filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more, or having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $500 or more, or providing for the delivery of payment of the loan or money or property of such amount of value, or being under any obligation written or unwritten to the amount of $500 or more, if

(1) Two or more adverse claimants, of diverse citizenship as defined in section 1332 of this title, are claiming or may

claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of such obligation; and if (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument of the amount due under such obligation into the registry of the court, there is abide the judgment of the court. . . .

The complaint seeks declaratory relief that the plaintiff is fully discharged from any other or further liability to the defendants, in other words, that it is absolved of its duty to defend either defendant in other related actions. Declaratory relief is also requested in the counterclaims and cross-claims.

In its status report, the defendant PAFCO, states that it has no objection to all issues being decided in the Bourbon Circuit Court. However, as opposed to the case in *Mercier*, this action originated in this Court. PAFCO asserts that, unlike the court in *Mercier*, this Court would appear to have jurisdiction to follow through to decide issues. The defendant acknowledges that though a state remedy is available in this matter, it would appear that this Court may continue with this action in its sound discretion.

The defendant Cassagne requests the Court to transfer all issues in this case to the Bourbon Circuit Court. The wrongful death suit pending in state court was filed November 13, 1990, six days after the complaint in the instant action, and is styled *Linda Cassagne, Administratrix of the Estate of Alain Cassagne v. Robert S. Brewer, et al.*, No. 90–CI–281. It has been represented to the Court that by agreement of the parties, State Farm has been granted leave to intervene in that action, which has been held in abeyance pending the outcome of this action.

Defendant Cassagne argues that under the holding of *Mercier*, this Court should not exercise its discretion and make a declaration, but instead should defer to Bour-

bon Circuit Court to proceed on all matters at issue. This will avoid a multiplicity of suits. It will also allow a state court to interpret Kentucky law on the duty to defend.

In the alternative, she asks that the Court reach a speedy decision on the declaration of rights issues concerning total policy limits and State Farm's duty to defend, and then realign the parties. Defendant Cassagne asserts that at this point the Court would loose jurisdiction as to the issues of damages and liability. As State Farm would no longer be a real party in interest at that point, the parties should be realigned with Cassagne as the plaintiff and Brewer as the defendant. Defendant contends that once that occurs, diversity jurisdiction would be destroyed,[1] because of the lack of diversity between Brewer and Cassagne.

Plaintiff and defendant Brewer both argue that this Court should retain jurisdiction over the case. Reviewing the five *Mercier* factors, Brewer contends that while the Court's ruling will not settle the entire controversy, it would afford State Farm with the relief from uncertainty as to the amount of coverage it owes and whether it has a duty to defend. Brewer asserts generally that this Court's jurisdiction over the issue in controversy will serve a useful purpose and will clarify the questions of insurance coverage, because the Court is familiar with the case. The defendant contends that this is not a case in which a declaration of rights would be used merely for procedural fencing, nor does not appear to increase the friction between state and federal courts, or to improperly infringe upon state court jurisdiction. Defendant Brewer concedes that an alternative remedy of filing a declaratory action is available in state court.

The plaintiff argues that *Mercier* is distinguishable as an action solely under the Declaratory Judgment Act. Therefore, it claims that the decision has no application to this federal statutory interpleader action

brought pursuant to 28 U.S.C. § 1335, even though complete interpleader relief may require the Court to afford declaratory relief. To the extent declaratory relief is necessary to effectuate the requested interpleader relief, plaintiff contends that the principal criteria set forth by the Sixth Circuit are satisfied, in that declaratory relief will serve a useful purpose in clarifying and settling the legal relations in issue, and it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. Plaintiff continues that in this interpleader case, the narrow issue raised by the interpleader complaint involves a dispute as to which young man was driving the vehicle at the time of the accident, which in turn affects the policy limits of coverage.

## INTERPLEADER

This court is well aware of the purposes of interpleader and the protection it offers to a stakeholder who seeks to avoid determining at its peril which of several claimants has the superior claim to a fund, as well as the vexation and expense of multiple suits. The undersigned is concerned, however, that this action has not taken shape as a typical interpleader action in the insurance setting. In the usual setting, the insurer has an account to which there are several claimants, any one of which claims would exceed policy limits, or all of which cannot be honored under the policy. For example, a life insurance company may have a $50,000 life insurance policy to which a number of self-proclaimed beneficiaries make claim. There is no reason for the insurance company to withhold payment, except that it cannot determine to whom to award the proceeds. The fund itself is the target of the claimants, and "marks the outer limits of the controversy." *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 534, 87 S.Ct. 1199, 1205, 18 L.Ed.2d 270 (1967). The insurance company does not want to pay twice, and it wants to buy its peace. An interpleader action is filed. Jurisdiction is established

---

1. Under Section 1335, diversity is required between two or more, but not all, of the adverse claimants. This is satisfied in the instant case by the naming of PAFCO, an Indiana corporation, as well as the two Kentucky residents, Brewer and defendant Cassagne.

under 28 U.S.C. § 1335 by satisfying diversity requirements, and by the plaintiff depositing such money or property, which, in the example, would be $50,000.

■ In the case at bar, questions have arisen at the courthouse door which impinge upon the jurisdiction of this Court. Deposit of the fund at issue, or a bond in that amount, is necessary for the district court to acquire jurisdiction over a statutory interpleader action. *Smith v. Widman Trucking and Excavating, Inc.*, 627 F.2d 792 (7th Cir.1980). Some courts have held that the entire amount claimed by the claimant, or the entire amount subject to claims in the possession of the stakeholder, must be deposited in order to establish jurisdiction. *See, e.g., Miller & Miller Auctioneers v. G.W. Murphy Industries, Inc.*, 472 F.2d 893 (10th Cir.1973); *Metal Transport Corp. v. Pacific Venture S.S. Corp.*, 288 F.2d 363 (2nd Cir.1961); *New York Life Ins. Co. v. Hannon*, 280 F.Supp. 291 (D.Or.1967). The face amount of the policy proceeds should be deposited in an insurance case. *Murphy v. Travelers Ins. Co.*, 534 F.2d 1155 (5th Cir.1976).

In the instant case however, the plaintiff has not tendered for deposit the limits of liability shown on the face of the policy to be $50,000 per person and $100,000 per accident, nor has it tendered any additional amount for the claimed coverage for property damage, which the defendant Brewer claims in the amount of $15,000, or underinsurance claims. If the Court could be satisfied that the policy limits have been tendered, it would then be called upon to decide, as a matter of state law, whether tendering the policy limits absolves the plaintiff of all further liability to either of the defendants, including the duty to defend either or both of them in the related state court action.

The parties have presented arguments on the issue of the plaintiff's duty to defend after tender of policy limits, in the collateral setting of papers filed in support of and in opposition to the defendant Cassagne's motion to alter or amend the Court's Order of December 4, 1990. According to the authorities cited to the Court, there is no Kentucky caselaw directly on point, and other jurisdictions are split on the issue of whether tender of policy limits in an interpleader action absolves an insurer of the duty to defend under a policy with provisions similar to those in the relevant policy. While this question has not been presented to the Court in the form of a dispositive motion, it is clear that the parties are in disagreement on the issue.

## CONCLUSION

■ Although this action was filed pursuant to the federal interpleader statute, the issues before the Court reveal that it is, in fact, a declaratory judgment action. Until a determination of who was driving the car is made, the limits of liability cannot be determined. Until the true limits of liability are determined, the Court cannot characterize this action as an interpleader action. To allow a $25,000 deposit, coupled with an adjudication that the plaintiff has no duty to defend, would require a finding on the "driver" issue, and this the Court will not do.

The pivotal issue in determining the rights or the parties in this action is: who was driving the car. The Court will not assume jurisdiction of this case to decide the dispute between two Kentucky citizens. Under the rubric of *Mercier*, the exercise of jurisdiction for this purpose would both increase friction with the state court and improperly encroach upon state jurisdiction by depriving the Bourbon Circuit Court of the opportunity to determine the facts, rights and responsibilities under the law of the Commonwealth of Kentucky. There are no legal relations which can be clarified or controversies which can be settled more effectively in this forum than in state court. The case can proceed more efficiently in circuit court than if it was to compete on the demanding docket of this Court. The undersigned is of the opinion that a Kentucky state court should also determine the coverage issues and the question of State Farm's duty to defend.

For the reasons stated herein, and the Court being sufficiently advised;

Accordingly,

IT IS THEREFORE ORDERED:

(1) that the motion of the plaintiff, State Farm Mutual Automobile Insurance Company for leave to deposit $25,000 into the court's registry, be and hereby is OVER-RULED;

(2) that upon *sua sponte* motion of the Court, the complaint, all counterclaims and cross-claims, and the third-party complaint be and hereby are DISMISSED, without prejudice to litigate all issues raised in the above-styled action in the Bourbon Circuit Court; and this action shall be STRICKEN from the docket.