103 F.3d 129
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
EMPLOYERS INSURANCE OF WAUSAU A Mutual Company, Plaintiff-Appellant,
v.
UNISYS CORPORATION (f/k/a) Burroughs Corporation, and
Certain Underwriters of Lloyds of London, and
Collective Companies, and, Institute of
London Underwriters,
Defendants-Appellees.
 No. 95-1119.
 United States Court of Appeals, Sixth Circuit.
 Nov. 26, 1996.
 
 BEFORE: KENNEDY and COLE, Circuit Judges, and ALDRICH, District Judge.*
 PER CURIAM.
 
 
 1
 In this declaratory judgment action, the sole question on appeal is whether the district court abused its discretion in granting a stay due to the pendency of a state court action. Finding that the trial judge acted within his discretion, we affirm the judgment of the district court.
 
 I.
 
 2
 Defendant Unisys Corporation ("Unisys") is the corporate successor to the Burroughs, Memorex, and Sperry corporations. Plaintiff Employers Insurance of Wausau ("Wausau") issued a total of forty insurance policies to Burroughs from January 1, 1958 through January 1, 1983. Wausau also issued an insurance policy to Memorex, effective from March 1, 1982 to March 1, 1983. In a December 29, 1993 letter, Unisys notified Wausau that it was asserting claims for the costs associated with environmental contamination allegedly caused by Burroughs at fifteen sites across the nation. Unisys later advised Wausau in a January 19, 1994 letter that it was making a similar claim under the Memorex policy for contamination at a former Memorex plant in Wisconsin. Unisys previously asserted claims against Wausau for environmental damages at two other sites, one in Michigan and the other in Pennsylvania. Thus, Unisys notified Wausau of claims it was asserting at a total of eighteen contaminated sites.
 
 
 3
 Unisys, on January 26, 1994, filed a declaratory judgment and breach of contract suit in the U.S. District Court for the Western District of Wisconsin against Wausau and other insurers ("the London Market defendants") seeking damages and a declaration that the defendants have contractual liability for defense and clean-up costs at the sixteen contaminated sites for which Unisys made claims in its letters of December 29, 1993 and January 19, 1994. Unisys filed a separate action in the New Jersey Superior Court on February 7, 1994, seeking a declaration that former insurers of Sperry are liable for defense and environmental remediation costs at contaminated sites where Sperry had conducted operations. The New Jersey suit likewise sought damages for breach of contract. When originally filed, Unisys did not name Wausau as a defendant in the New Jersey action. None of the sites identified in the New Jersey action were included in the Wisconsin action.
 
 
 4
 Wausau filed the instant action for declaratory judgment on February 28, 1994 in the U.S. District Court for the Eastern District of Michigan, seeking a declaration that Wausau has no obligation for the defense or indemnification of Unisys with respect to any of the eighteen sites for which Unisys had asserted claims, or alternatively for a declaration of the rights and obligations of the parties with respect to those sites. Unisys moved for a stay of the Michigan action, which was granted by the district court in deference to the pending Wisconsin suit.
 
 
 5
 Unisys subsequently moved to dismiss its Wisconsin action without prejudice on July 29, 1994, and filed a third-party complaint in New Jersey asserting the same claims for declaratory judgment and breach of contract against Wausau and the London Market defendants that had been brought in the Wisconsin action. The Unisys third-party complaint seeks damages and a declaration that Wausau is contractually liable for defense and clean-up costs at all the sites that had been identified in the Wisconsin and Michigan actions.[1]
 
 
 6
 On September 15, 1994, Wausau entered into a stipulation with Unisys to dismiss the Wisconsin action without prejudice. Wausau then moved for relief from the stay that the Michigan court had earlier imposed. The Michigan court denied Wausau's motion due to the pendency of the New Jersey state court action. Wausau appeals the denial of that motion.
 
 II.
 
 7
 We review the district court's refusal to lift its stay in this declaratory judgment action under an abuse of discretion standard. Wilton v. Seven Falls Co., --- U.S. ----, 115 S.Ct. 2137, 2144 (1995). In Wilton, the United States Supreme Court noted the "unique breadth" of a district court's discretion in declaratory judgment actions. Id. at 2143. The Wilton decision reaffirmed the Court's earlier holding in Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942). The Brillhart court warned that "[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." Id. at 495. Such "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." Id. Therefore, one of the factors a district court should consider in determining whether to exercise its discretion is "the scope of the pending state court proceeding and the nature of defenses open there." Id.
 
 
 8
 As a guiding principle in considering whether to exercise jurisdiction in a declaratory judgment action, district courts should determine if rendering judgment would serve to clarify and settle the legal relationships at issue; and whether it would afford relief from the uncertainty, insecurity, and controversy which gave rise to the proceeding. Aetna Cas. & Sur. Co. v. Sunshine Corp., 74 F.3d 685, 687 (6th Cir.1996). In applying this principle, the district court should examine whether declaratory judgment would: (1) settle the controversy; (2) serve a useful purpose in clarifying the legal relationships at issue; (3) be used merely for "procedural fencing;" (4) increase friction between federal and state courts, improperly encroaching on state jurisdiction; and (5) interfere with an alternative remedy which is better or more effective. Grand Trunk W. R.R. Co. v. Consolidated Rail Corp., 746 F.2d 323, 326 (6th Cir.1984).
 
 III.
 
 9
 Upon review, we cannot find that the district court abused its discretion in granting a stay of the Michigan action. Rendering declaratory judgment in the present case would not entirely settle or clarify the legal relations at issue, nor would it terminate the controversy involved in this suit.
 
 
 10
 While Wausau raises several reasons why the federal and state cases could proceed concurrently, there is a sufficient basis to support the district court's conclusion that maintaining the stay prevents "piecemeal litigation." The most salient feature of the New Jersey action is the breach of contract claim brought against Wausau in the Unisys third-party complaint. As the district court noted, this claim was not asserted in the Michigan action. Existence of the contract claim provided adequate basis for the district court to conclude that New Jersey was the more comprehensive site, and therefore the New Jersey Superior Court could provide a more complete remedy. See American Home Assurance Co. v. Evans, 791 F.2d 61, 64 (6th Cir.1986) ("Where complex factual issues are present and the action parallels a state court action arising from the same facts and where alternative remedies are available, declaratory judgment is inappropriate."). "[D]eclaratory judgment actions seeking an advance opinion on indemnity issues are seldom helpful in resolving an ongoing action in another court." Manley, Bennett, McDonald & Co. v. St. Paul Fire & Marine Ins. Co., 791 F.2d 460, 463 (6th Cir.1986); see Allstate Ins. Co. v. Mercier, 913 F.2d 273, 277-78 (6th Cir.1990).
 
 
 11
 There is also no indication that the New Jersey Superior Court is incapable of resolving the issues presented by the parties. In fact, the district court noted that the New Jersey judge was "efficiently and effectively handling the New Jersey action, including the Burroughs claims ..." The district court also noted that "progress" has been made in the New Jersey suit and that the New Jersey action is "substantively more mature" than the present action. These findings support the conclusion that it would have been "vexatious" and "uneconomical" to proceed concurrently with the Michigan action. See Brillhart, 316 U.S. at 495.
 
 
 12
 Wausau contends that there is no New Jersey state interest warranting deference by the Michigan district court as none of the Burroughs policies was negotiated, issued or delivered in New Jersey. In support of this argument, Wausau cites the unpublished opinion in Nabisco Brands, Inc. v. Federal Ins. Co., No. A-3331-92T3 (N.J.Super.Ct.App.Div. May 25, 1994), which held that New Jersey was not a proper forum to hear an environmental insurance coverage action because of the State's minimal contacts to the dispute. In Nabisco Brands, however, the contaminated site at issue was located outside of New Jersey. The instant case is distinguishable as three of the subject sites are located in New Jersey giving that State a clear interest in ensuring remediation of environmental contamination at these sites. See American Home Prods. Corp. v. Adriatic Ins. Co., 286 N.J.Super. 24, 40, 668 A.2d 67, 75 (App.Div.1995) ("This state obviously has a significant interest in remediation of its polluted sites."); Gilbert Spruance Co. v. Pennsylvania Mfrs. Ass'n Ins. Co., 254 N.J.Super. 43, 47, 603 A.2d 61, 63 (App.Div.1992) (recognizing New Jersey's paramount interest in remediation of its toxic waste sites and New Jersey's urgent concern for the health and safety of its citizens which extends to assuring that insurance companies recognize the legal liabilities of their insureds), aff'd, 134 N.J. 96, 629 A.2d 885 (1993). We further note that the Sixth Circuit has acknowledged the important role of state courts in deciding insurance disputes, as "states regulate insurance companies for the protection of their residents, and state courts are best situated to identify and enforce the public policies that form the foundation of such regulation." Mercier, 913 F.2d at 279.
 
 
 13
 Finally, allegations of procedural fencing have been raised by both parties. We decline to address this issue as the foregoing considerations adequately resolve this appeal.[2]
 
 
 14
 In sum, this declaratory judgment action conferred a discretion on the district court rather than an absolute right upon Wausau. Wilton, 115 S.Ct. at 2143. The district judge acted within his discretion in yielding to considerations of practicality and wise judicial administration. See id.
 
 IV.
 
 15
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation
 
 
 [1]
 Both Unisys and Wausau present differing perspectives on why Unisys took this action. Unisys maintains that this move was necessitated when one of the Sperry insurers, the Insurance Company of North America ("INA"), filed counterclaims and cross-claims in New Jersey Superior Court on June 30, 1994 identifying eighteen additional sites at which it expected Unisys would seek insurance coverage under INA policies. Unisys alleges that Burroughs was implicated at four of those sites, necessitating that Wausau be brought into the action so as not to preclude any claims
 Wausau contends that the Unisys voluntary dismissal motion had little to do with the INA claims, but was in response to the Wisconsin Supreme Court's June 16, 1994 decision in City of Edgerton v. General Casualty Co., 517 N.W.2d 463 (Wis.1994), cert. denied, 115 S.Ct. 1360 (1995). In Edgerton, the court ruled that "damages" under the insurance policy in question did not include environmental "response costs" and that a letter from a state regulator demanding environmental remediation was not a "suit" triggering an insurer's duty to defend. Id. at 473-77.
 
 
 [2]
 While Wausau asserts that the filing of Unisys' third-party complaint in New Jersey is procedural fencing, Unisys argues that Wausau was guilty of an earlier race to the Michigan forum. In its June 3, 1994 order denying Wausau's motion to dismiss the Wisconsin action or to transfer venue to Michigan, the Wisconsin district court state: "There can be little doubt that Wausau engaged in forum shopping in bringing a declaratory judgment action in another forum when an action for damages was already pending."