110 F.3d 67
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ALLSTATE INSURANCE COMPANY, an Illinois corporation,
Plaintiff-Appellee,
v.
Bradley McFARLIN; Arleen McFarlin, Defendants-Appellants.
 No. 96-15087.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 12, 1997.
Decided March 28, 1997.
 
 Before: ALARCN, BEEZER, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Bradley and Arleen McFarlin appeal from the district court's grant of a summary judgment in favor of Allstate Insurance Company ("Allstate"). Allstate filed this diversity action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, seeking a declaration of its legal obligation to provide uninsured motorist coverage to the McFarlins under their automobile insurance policy in view of their earlier written rejection of this coverage.
 
 
 3
 We conclude that under Wilton v. Seven Falls Co., 115 S.Ct. 2137, 2144 (1995) and Employers Reinsurance Corp. v. Karussos, 65 F.3d 796, 800-01 (9th Cir.1995), the district court was required to consider its discretionary jurisdiction under the Declaratory Judgment Act in the first instance. We, therefore, vacate the district court's decision and remand to the district court with instructions to reconsider the exercise of its discretionary jurisdiction.
 
 
 4
 * This action arises from an automobile accident on October 24, 1992, in which an uninsured motorist's vehicle collided with the McFarlins' automobile, injuring both Bradley and Arleen McFarlin. The McFarlins demanded coverage under their automobile insurance policy issued by Allstate, in letters dated January 3, 1994. Allstate denied uninsured motorist coverage under the policy because Bradley McFarlin had rejected such coverage in February 1989. On July 12, 1994, Allstate filed a complaint in the district court for a declaratory judgment that it was not obligated to provide uninsured motorist coverage. The parties then filed cross-motions for a summary judgment. On December 7, 1995, the district court issued an order in which it concluded that Allstate was not obligated to pay uninsured motorist benefits and granted a summary judgment in favor of Allstate.
 
 II
 
 5
 In reaching the merits of the McFarlins' claims, the district court did not discuss the discretionary nature of its jurisdiction under the Declaratory Judgment Act or point to circumstances demonstrating that this was an appropriate case to issue a declaration. Nor did the parties refer to the district court's duty to consider this question. On February 14, 1997, we directed the parties to file supplemental letter briefs addressing this issue.
 
 
 6
 In response to this request, the McFarlins assert that Allstate filed this action "wanting to avoid state court" because of state court determinations adverse to Allstate's position. The McFarlins', therefore, urge that we "find[ ] that the current litigation was 'reactive' and an improper attempt at forum shopping," and dismiss the action. Allstate urges us to conclude that the district court properly exercised jurisdiction over this action because no state proceeding was pending or threatened at the time this action was filed. Despite their contrary positions as to the relevant facts, both parties rely upon Karussos to argue that this court is under no obligation to remand for the district court to consider its discretionary jurisdiction in the first instance.
 
 
 7
 In Karussos, we recognized the Supreme Court's instruction in Wilton that "the district court is generally entitled to exercise its discretion 'in the first instance' because those facts that 'bear[ ] on the usefulness of the declaratory judgment remedy' as well as the 'fitness of the case for resolution' may be 'peculiarly within [its] grasp.' " Karussos, 65 F.3d at 799 (quoting Wilton, 115 S.Ct. at 2144). We also acknowledged in Karussos that our holding that "the failure of the district court to address the jurisdictional question did not require us automatically to remand for a determination whether circumstances are present to overcome the general rule that 'the action belongs in state rather than federal court' " was an exception to the Wilton rule. Government Employees Ins. v. Dizol, No. 95-17393, slip op. 2093, 2112-13 (9th Cir. Feb. 28, 1997) (quoting Karussos, 65 F.3d at 799). "Where the record reveals facts and circumstances that could justify a district court's discretionary decision to exercise its jurisdiction, then a remand would not constitute an exercise in futility." Karussos, 65 F.3d at 799-800 n. 1. In such cases, the Supreme Court's decision in Wilton compels us to remand this matter to the district court to decide its discretionary jurisdiction in the first instance. Dizol, slip op. at 2114 (citing Golden Eagle Ins. Co. v. Travelers Cos., 103 F.3d 750, 754 (9th Cir.1996)).
 
 
 8
 The fact that a state court proceeding was not pending at the time the complaint was filed does not, under Wilton, relieve the district court of its obligation to consider the factors set forth in Brillhart v. Excess Ins. Co., 316 U.S. 491, 495-98 (1942), as relevant to its jurisdictional determination. Budget Rent-a-Car v. Crawford, slip op. 2411, 2421-22 (9th Cir. Mar. 6, 1997). Under Brillhart, concerns of forum shopping, duplicative litigation, and needless determinations of state law inform the decision of the district court's exercise of jurisdiction. Continental Casualty Co. v. Robsac Indus., 947 F.2d 1367, 1371 (9th Cir.1991); Chamberlain v. Allstate Ins. Co., 931 F.2d 1361, 1367 (1991). Because "the ... federalism concerns against the use of the Declaratory Judgment Act as a forum shopping device, and the policy against having federal courts needlessly determine issues of state law are ... present when a federal plaintiff seeks declaratory relief in anticipation that a related state court proceeding may be filed," the district court must determine whether the insurer filed the federal declaratory judgment action in reaction to a threat of the insured filing a state court action. Budget Rent-a-Car, slip op. at 2424-25. See also Golden Eagle, 103 F.3d at 754 (observing that "the absence of a parallel state proceeding is not necessarily dispositive; the potential for such a proceeding may suffice"); Robsac, 947 F.2d at 1372 (recognizing that a federal declaratory judgment action filed by an insurer because it "was aware of [the insured's] claim and hoped to preempt any state court proceeding ... would encourage forum shopping").
 
 
 9
 The district court must also inquire into the availability of a state court remedy to resolve all issues without federal intervention. Budget Rent-a-Car, slip op. at 2425 (citing Chamberlain, 931 F.2d at 1367). See also Karussos, 65 F.3d at 800-01 (determining that the fact that there are differences in the factual issues before the state and federal courts, or that the federal plaintiff could not be a party to the state court action is not dispositive because the plaintiff "could have presented the issues that it brought to federal court in a separate [declaratory relief] action to the same court that will decide the underlying tort action") (quoting American Nat'l Fire Ins. Co. v. Hungerford, 53 F.3d 1012, 1016-17 (9th Cir.1995) (quoting Allstate Ins. Co. v. Mercier, 913 F.2d 273, 279 (6th Cir.1990))).
 
 
 10
 Because the district court in this case did not reference any of the considerations that informed its decision to exercise jurisdiction over this declaratory judgment action, the record is silent regarding whether Allstate filed this action in anticipation of a threat by the McFarlins to file a state court proceeding, as well as whether Allstate had available to it an adequate remedy in Hawaii state court, such as a declaratory judgment action. We, therefore, cannot decide from the present record, as we must under Wilton, whether the district court abused its discretion when it decided the merits of this declaratory judgment action. Wilton, 115 S.Ct. at 2144. Nor can we deem the district court's failure to address this issue harmless error, because we are not certain that the district court "came up with the right answer" when it decided the novel issue of Hawaii state law presented in this case. See Golden Eagle, 103 F.3d at 756 (holding that the district court's error in exercising jurisdiction was harmless error because the "court properly applied the relevant state law to the undisputed material facts and came up with the right answer").
 
 
 11
 Accordingly, we must remand this case for the district court to determine in the first instance whether to exercise its jurisdiction. If the district court decides that this is an appropriate case for the exercise of its discretionary jurisdiction, it may re-enter the judgment previously issued in this matter. We express no view as to the correctness of that prior decision.
 
 
 12
 VACATED and REMANDED with directions.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3