**PLANTE & MORAN, a Michigan partnership, Plaintiff,**

v.

**Bruce A. THOMPSON, an Oregon resident, Defendant.**

**No. 4:93–CV–173.**

United States District Court, W.D. Michigan, Southern Division.

April 28, 1994.

Charles E. Ritter, Miller, Canfield, Paddock & Stone, Kalamazoo, MI, for plaintiff.

Alan H. Silverman, Silverman, Rodbard & Smith, P.C., Robert W. Smith, Alan H. Silverman, P.C., Kalamazoo, MI, for defendant.

## *OPINION*

QUIST, District Judge.

This is a declaratory judgment action which, according to plaintiff, Plante & Moran (P & M), hinges on a Disability Retirement Agreement (DRA) between plaintiff, a public accounting firm, and defendant Bruce Thompson, a disabled partner of the firm, and on the underlying Plante & Moran partnership agreement. The parties entered into the DRA in 1991 after a period when Thompson worked a reduced load as a result of personal problems which included an earlier heart attack, alcoholism, and the death of his wife from cancer. In November 1991, when the DRA was signed, Thompson was 49. In 1992 after remarrying and moving to Oregon, Thompson informed P & M that he wished to return to P & M as an active partner on a reduced workload and reduced income basis. P & M entered into discussions with Thompson about his return and hired him on a part time consulting basis for a time, but declined to return him to active status. P & M characterizes Thompson's request to return as an attempt to get a better financial package.

In July 1993, Thompson filed a complaint with the Michigan Department of Civil Rights, alleging that P & M violated the Michigan Handicapper Civil Rights Act by refusing to reemploy him. P & M brought this declaratory judgment action to obtain a judgment that the DRA is valid and binding on the parties or to obtain a remand to arbitration.[1] Thompson responded with a

---

1. P & M contends that jurisdiction is based on diversity and on the Arbitration Act, 9 U.S.C.

motion to dismiss and has also filed a counter-motion for summary judgment.

## ISSUES PRESENTED

P & M seeks remand to arbitration under the federal Arbitration Act, 9 U.S.C. § 1–16, on the basis of an arbitration agreement in its partnership agreement. Thompson argues that the controversy between the parties is not subject to the arbitration provision and, if it is, the Arbitration Act does not apply to the P & M partnership agreement.

Thompson seeks to dismiss P & M's complaint on the grounds that declaratory relief is inappropriate in this case. He also asserts that P & M's complaint should be dismissed because P & M failed to exhaust administrative remedies. In essence, he complains that P & M should not be permitted to terminate or avoid the administrative process Thompson initiated by filing his civil rights complaints.

P & M argues that because Thompson is seeking reinstatement of partnership, he is not an employee for purposes of the Michigan Handicapper Civil Rights Act. It also attacks Thompson's handicap claim, arguing that it is without merit because he does not have a statutory handicap. His disability is not, according to P & M, "unrelated to the individual's ability to perform the duties of a particular job" as evidenced by the fact that Thompson has requested to return to a job with reduced responsibility. This last argument, which concerns the merits of the handicapper claim is premature.

## DISCUSSION

■ Defendant seeks dismissal of this action on the grounds that this controversy is not appropriate for a declaratory judgment. The Declaratory Judgment Act, 28 U.S.C. § 2201, provides a district court with discretion to hear declaratory judgment actions. The exercise of that discretion requires considering "whether the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and whether it will

terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Nationwide Mut. Fire Ins. Co. v. Willenbrink*, 924 F.2d 104, 105 (6th Cir.1991) (citations omitted). As the court set forth in *Nationwide*, five factors are applied to determine whether such a result can be achieved:

(1) whether the judgment would settle the controversy;

(2) whether the declaratory judgment would serve a useful purpose in clarifying the legal relations at issue;

(3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for *res judicata*";

(4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach on state jurisdiction, and

(5) whether there is an alternative remedy that is better or more effective.

*Id.*

In the instant case, P & M seeks a declaration that the DRA is valid and enforceable. Thompson asserts that, whether or not the agreement is declared to be enforceable, there is nothing in the DRA that prevents Thompson from seeking reemployment with P & M or precludes him from filing a claim for discrimination with the state. P & M has responded that such a declaration would limit or end the controversy because it would mean that, pursuant to the DRA, ¶ 4, Thompson would be deemed retired from the partnership as of June 30, 1994. It also argues that the partnership agreement compels arbitration of any handicap discrimination claim.

The issue of arbitration is the subject of P & M's motion and its alternative request for relief. The arbitration clause in the P & M partnership agreement provides:

In the event of a controversy [or] claim arising out of this agreement which cannot be settled by the partners or their legal representatives, it shall be settled by arbi-

---

§ 1–16. The Act, however, does not provide an independent basis for federal jurisdiction. P & M also asserts that there is federal question jurisdiction arising from the question of whether the

Americans with Disabilities Act is applicable to partnerships. P & M does not, however, establish that an ADA claim is at issue. Thus, the only basis for jurisdiction is diversity.

tration in accordance with the rules of the American Arbitration Association, and judgment upon the award may be entered in any court having jurisdiction. ˙

P & M's Personnel Manual contains a provision expressing P & M's commitment to non-discrimination:

> In conformity with the law, it is our intent to employ those individuals, regardless of race, color, creed, sex, religion, age, national origin, handicap or other unlawful criteria who appear to us to have the attitudes and capacities for learning and growth.

P & M asserts that the arbitration clause in the partnership agreement requires Thompson to bring to arbitration his claim that P & M discriminated against him in refusing to rehire him. It also asserts that the arbitration clause includes discrimination claims in part because of the partners' express commitment to nondiscrimination.

Thompson argues that his handicapped discrimination clause does not arise out of the partnership agreement. In fact, Thompson's Response to Plaintiff's Motion/Application for Remand to Arbitration states, "Under the Partnership Agreement Thompson has no right to reemployment." (p. 8).

In addition, Thompson presents an argument that the federal Arbitration Act does not compel arbitration in this instance because it does not apply to employment contracts of workers engaged in interstate commerce. The Sixth Circuit supported this position in dicta in *Willis v. Dean Witter Reynolds, Inc.*, 948 F.2d 305, 312 (6th Cir.1991). P & M argues that the Arbitration Act exclusion does not apply to partnership agreements and that, even if the agreement is considered an employment contract, the better interpretation of the exclusion does not extend it beyond employees in the transportation industries.

█ It is not necessary to decide the scope of the Arbitration Act in this case. Instead, P & M's motion for remand will be denied for the simple reason that its partnership agreement does not compel arbitration of the controversy at issue in this litigation—Thompson's reemployment. The arbitration clause applies only to controversies *arising out of* the agreement, not to any dispute between partners. The agreement neither governs nor provides any basis for Thompson's reemployment. The nondiscrimination statement in the P & M personnel manual is a general statement that does nothing to bring Thompson's claim within the partnership agreement.

█ Thus, the first and second factors to consider in determining whether to hear a declaratory judgment action are not satisfied in this instance. Even if a declaration that the DRA was enforceable would terminate any claims Thompson had that arose after June 30, 1994, the current controversy would not be resolved.

Considering the third factor, it appears that the declaratory remedy is being used for the purpose of procedural fencing. P & M filed in federal court in order to avoid the process of a civil rights complaint. P & M insists that it is entitled to do so because its partnership agreement compels Thompson to bring any claim to arbitration. As discussed above, the partnership agreement does not compel arbitration of this claim.

Concerning forum, P & M also argues that Thompson is not entitled to bring a complaint to the Michigan Department of Civil Rights because he is a partner, not an employee. Thompson argues that, with respect to the issue of reemployment, he is in the position of an employee and should not be barred from recourse to Michigan laws against handicapped discrimination. The issue of whether it is appropriate for Thompson to bring a complaint to the Michigan Department of Civil Rights should be determined, in the first instance, by that department.

Thus, the remaining factors weigh in favor of dismissal. This court should not issue declarations regarding issues currently in the administrative process of the state. Moreover, the state process may lead to resolution of the controversy.

### CONCLUSION

For the reasons set forth above, plaintiff's motion for remand to arbitration (docket no. 16) is DENIED. Defendant's motion for dismissal (docket no. 17) is GRANTED pur-

614

suant to the Court's discretion under 28 U.S.C. § 2201.