**NORTHERN INSURANCE COMPANY OF NEW YORK, Plaintiff,**

v.

**ADDISON PRODUCTS, INC., Weatherking of Florida, Inc., and Knight Refrigeration, Inc., Defendants.**

No. CIV 01–40058.

United States District Court, E.D. Michigan, Southern Division.

June 15, 2001.

Carol M. Garrett, Peter B. Kupelian, Kupelian, Ormond, Southfield, MI, for plaintiff.

Thomas G. McNeill, Michael G. Vartanian, Dickinson, Wright, Lansing, MI, for defendant.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

GADOLA, District Judge.

Before the Court is Defendants' Motion to Dismiss Complaint for Declaratory Judgment filed on April 25, 2001. For reasons set forth below, the Court grants Defendants' motion and dismisses Plaintiff's civil action without prejudice.

### Factual and Procedural Background

Plaintiff Northern Insurance Company of New York seeks a declaratory judgment from this Court concerning its obligation to defend and indemnify Defendants Addison Products, Inc., Weatherking of Florida, Inc., and Knight Refrigeration, Inc. in two separate product liability actions before California state courts: *Salah v. Consolidated Industries, Inc.*, No. CV–738376 (Cal.Super.Ct.), and *Shapell Industries, Inc. v. Addison Products Co.*, No. BC–224014 (Cal.Super.Ct.). (*See* Compl. ¶ 1.) Plaintiff has participated in the defense of these lawsuits on behalf of one or more Defendants under a reservation of rights. (*See id.* ¶ 21.)

On March 7, 2001, Plaintiff filed a nine-count Complaint seeking a declaratory judgment that Plaintiff is not required to defend or indemnify Defendants in the California state actions under Plaintiff's policies with Defendants: "No Suit" (Count I); "No Named Insured" (Count II); "No Insured Risk" (Count III); "No Property Damage" (Count IV); "No Accident/Occurrence" (Count V); "Designated Products Exclusion" (Count VI); "Business Risk Exclusions" (Count VII); "Sistership Exclusions" (Count VIII); and "Pro Rata Allocation" (Count IX). Plaintiff asserts that because settlement demands are being made against Defendant Addison Products, Inc. in the California state actions, a declaratory judgment from this Court determining the rights and obligations of insurer and insured will allow the parties to respond to those demands. (Pl. Resp. at 1.)

On April 25, 2001, Defendants filed the instant Motion to Dismiss Complaint for Declaratory Judgment, and Plaintiff filed its response on May 21, 2001. On June 13, 2001, this Court heard Defendants' motion in open court, and all parties were given the opportunity to present arguments in support of or in opposition to that motion.

### Discussion

#### 1. Standard

Federal district courts have discretion to exercise jurisdiction to grant relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 286–88, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995). The Declaratory Judgment Act "is an enabling Act, which confers discretion on the courts rather than an absolute right upon the litigant." *Green v. Mansour*, 474 U.S. 64,

72, 106 S.Ct. 423, 88 L.Ed.2d 371 (1985) (quoting *Public Service Commission v. Wycoff Co.*, 344 U.S. 237, 241, 73 S.Ct. 236, 97 L.Ed. 291 (1952)).

■ When an insurance carrier seeks a declaratory judgment in federal court about defense and coverage issues after its insured has been sued for alleged tort liability in state court, the district court must consider the following factors to assess the propriety of exercising its discretionary jurisdiction over the declaratory action:

(1) whether the judgment would settle the controversy;

(2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;

(3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata";

(4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and

(5) whether there is an alternative remedy that is better or more effective.

*Scottsdale Insurance Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir.2000), and cases cited therein.

## 2. Analysis

■ The Court will analyze Defendants' motion according to the factors espoused by the Sixth Circuit in *Scottsdale Insurance* and related cases.

### a. Whether a declaratory judgment would settle the controversy

At oral argument, all parties agreed that if the plaintiffs in the California cases obtain judgments against Defendants here, then those plaintiffs would have the right to pursue Plaintiff in California courts re-gardless of what this Court concluded because those plaintiffs would not be parties in the instant civil action. *See generally* Cal. Ins.Code § 11580(b)(2); *Shaolian v. Safeco Insurance Co.*, 71 Cal.App.4th 268, 83 Cal.Rptr.2d 702, 704 (1999) ("a third party may directly sue an insurer ... when there has been ... a final judgment against ... the insured"); *Harper v. Wausau Insurance Co.*, 56 Cal.App.4th 1079, 66 Cal.Rptr.2d 64, 68 (1997) ("once a party has a final judgment against the insured, the claimant becomes a third party beneficiary of the insurance policy and may enforce the terms which flow to its benefit pursuant to Insurance Code section 11580."). Thus, this Court's ruling would not necessarily be the final word on the insurance coverage issues. Furthermore, this Court's ruling in this declaratory action would not settle the controversy among Plaintiff, Defendants, and the California plaintiffs in the underlying state court tort actions. *See Grand Trunk Western Railroad Co. v. Consolidated Rail Corp.*, 746 F.2d 323, 326 (6th Cir.1984) (concluding that the declaratory action in federal court "would not clear up the legal issues" in the underlying state court lawsuit). Therefore, this Court concludes that this factor weighs in favor of granting Defendants' motion.

### b. Whether the declaratory action would serve a useful purpose in clarifying the legal relations at issue

and

### c. Whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata"

In this sort of case, one side's "useful purpose" is another side's "procedural

fencing." Plaintiff argues that a declaratory judgment would serve a useful purpose in clarifying the legal relations between Plaintiff and Defendants. If this Court concluded that Plaintiff did not have to defend or indemnify Defendants in the California state cases, then Plaintiff could stop defending them. Defendants respond that Plaintiff does not need a declaratory judgment from this Court before responding meaningfully to settlement requests in California. Furthermore, Defendants contend, this "useful purpose" factor requires the Court to determine whether a declaratory judgment would clarify the rights and obligations between the plaintiffs and the defendants in the California state cases, and here it would not.

Defendants argue that Plaintiff is using the Declaratory Judgment Act as "procedural fencing" and "a race for res judicata." Defendants assert that in order to determine whether Defendants are entitled to coverage from Plaintiff, the California courts must first determine the existence and nature of the California plaintiffs' damages, which will not be known until after a trial. Plaintiff responds that the "procedural fencing" and "race for res" issue comes into play only where the issues to be decided in the declaratory judgment action parallel the issues in the state court action.

A declaratory action serves little or no useful purpose here because some insurance coverage questions can be resolved meaningfully only in light of facts to be determined in the state courts. *See Allstate Insurance Co. v. Mercier*, 913 F.2d 273, 279 (6th Cir.1990). Furthermore, Defendants are correct that a declaratory action would have to be useful in clearing up the legal issues in the state court case, not the instant case, in order to satisfy the "useful purpose" factor. *See Grand Trunk*, 746 F.2d at 326. A declaratory action here would not speak to the legal issues in the underlying state cases. Therefore, this Court concludes that these factors weigh in favor of granting Defendants' motion.

### d. Whether the use of a declaratory action would increase friction between federal and state courts and improperly encroach upon state jurisdiction

Defendants argue that resolving Plaintiff's claims here would require this Court to examine and determine facts underlying the pending California state court proceedings and insurance claims. This, in turn, would increase the friction between federal and state courts and may encroach upon the California state court's jurisdiction. Plaintiff responds that the issues before this Court and the California courts are different. This Court is being asked to determine the extent of Plaintiff's obligation to defend and indemnify Defendants under insurance policies while the state court actions concern other plaintiffs' tort claims against Defendants.

The legal questions raised in this civil action and the actions pending in California are different—as in almost every declaratory judgment action brought in federal court on insurance coverage issues—but some of the underlying facts overlap. As Judge Gerald E. Rosen observed in *Scottsdale Insurance Co. v. Roumph*, 18 F.Supp.2d 730, 735 (E.D.Mich.1998), *aff'd*, 211 F.3d 964 (6th Cir.2000), "the Sixth Circuit has repeatedly found that when a state action is pending or when trial has been completed in a state court, generally that court is in a better position than a federal district court to decide an insurance declaratory judgment action that involves underlying factual issues." Judge Rosen considered the implication of a federal court exercising jurisdiction over a declaratory judgment action when the underlying state court tort case is pending by considering these "federalism" factors:

1. whether the underlying factual issues are important to an informed resolution of the case;

2. whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

3. whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Scottsdale Insurance,* 18 F.Supp.2d at 735 n. 5; *See Scottsdale Insurance,* 211 F.3d at 968.

In the instant case, (1) at least some of the factual issues in the underlying state cases are important to an informed resolution of this case, (2) the state trial court is in a better position to evaluate those factual issues than is this Court, and (3) no federal common law or federal statutory law is called into question in this declaratory judgment action. Therefore, this Court concludes that the "federalism" factor weighs in favor of granting Defendants' motion.

**e. Whether there is an alternative remedy which is better or more effective**

In general, the Sixth Circuit considers a separate civil action in state court on defense and indemnification to be an alternative remedy that is better and more effective than a declaratory action in federal court. *See Allstate Insurance Co. v. Mercier,* 913 F.2d 273, 278 (6th Cir.1990) (concluding that the state court deciding the underlying tort action would be "in a superior position" to determine the indemnity issues); *Manley, Bennett, McDonald & Co. v. St. Paul Fire & Marine Insurance Co.,* 791 F.2d 460, 462–63 (6th Cir. 1986) (describing a indemnity action after conclusion of the state court trial as "a superior alternative remedy"); *American*

*Home Assurance Co. v. Evans,* 791 F.2d 61, 62 (6th Cir.1986) (describing "a traditional indemnity action" as "a more appropriate means of enforcement"). The California state courts are more familiar with the underlying factual issues and are better able to settle the controversy and more useful in clarifying the legal relations between the parties. Therefore, this Court concludes that this factor weighs in favor of granting Defendants' motion.

**Conclusion**

Accordingly, this Court being fully advised in the premises,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Complaint for Declaratory Judgment [Docket Entry 8] is **GRANTED.**

**IT IS FURTHER ORDERED** that the above-entitled civil action is **DISMISSED** without prejudice, and all pending motions are **DENIED** without prejudice as moot.

**SO ORDERED.**